IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CECIL HOLMES, <br> Petitioner, <br><br> v. <br><br> DAVID DIGUGLIELMO, ET AL., <br> Respondents. | Civil Action No. 05-3857 |

**MEMORANDUM/ORDER**

On June 26, 2006, petitioner filed a revised petition in the above-captioned matter in this court seeking habeas relief pursuant to 28 U.S.C. § 2254.  Petitioner has filed a previous habeas petition in this court pursuant to 28 U.S.C. § 2254, labeled Civil Action No. 99-5022, which challenged the same conviction and/or sentence, and which was considered on the merits and denied as untimely.  In such circumstances, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241–2266, provides in relevant part that before a "second or successive" habeas petition can be filed with the district court, the petitioner must first file a motion in "the appropriate court of appeals" for an order "authorizing the district court to consider" the petition, pursuant to 28 U.S.C. § 2244(b)(3)(A).  Without such authorization from the court of appeals, the district court lacks subject matter jurisdiction to consider the habeas petition.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *Felker v. Turpin*, 518 U.S.

651, 657 (1996); *Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005); *In re Minarik*, 166 F.3d 591 (3d Cir. 1999). This rule only applies where the relevant prior case was considered on the merits and denied. *See Villot v. Varner*, 373 F.3d 327 (3d Cir. 2004); *Holloway v. Horn*, 355 F.3d 707 (3d Cir. 2004); *Jones v. Morton*, 195 F.3d 153 (3d Cir. 1999); *Hull v. Kyler*, 190 F.3d 88 (3d Cir. 1999); *Christy v. Horn*, 115 F.3d 201 (3d Cir. 1997). Dismissal for failure to comply with AEDPA's one-year statute of limitations constitutes a decision on the merits. *See Chaplin v. United States*, No. 05-6647, slip op. at 1 (E.D. Pa. May 16, 2006). Therefore, petitioner's current habeas petition is "second or successive" and this court lacks subject matter jurisdiction to consider it. The "appropriate court of appeals" in which a motion should be filed for authorization to proceed in this court is the United States Court of Appeals for the Third Circuit. If that court grants that motion, petitioner can then return to this court and refile his "second or successive" habeas petition.

Accordingly, this 28th day of December, 2006, it is hereby ORDERED that:

1. This civil action is DISMISSED WITHOUT PREJUDICE on the ground that this court lacks subject matter jurisdiction over it.

2. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as CLOSED in this court for all purposes, including statistics.

                                                   /s/ Louis H. Pollak
                                                     Pollak, J.